# EXHIBIT "A"

## Certified Copy of State Court File
## Index of State Court Action

## Case No. 2016DCV1192

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **VICTOR R. MARTINEZ, JR. and JOSE** | § | |
| **ROBLES, JR., and CHRISTIAN** | § | |
| **MUNOZ,** | § | |
|     *Plaintiffs,* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** <u>3:16-cv-156</u> |
| | § | |
| **JOHNNY LEE DAVIS, an individual, and** | § | |
| **LIBERTY LINES, INC., a corporation** | § | |
|     *Defendants.* | § | |

**INDEX OF STATE COURT FILE**

| EXHIBIT | FILED | DOCUMENT |
|---|---|---|
| **A** | | |
| **A-1** | | Case Summary – Cause 2016DCV1192 |
| **A-2** | 03/28/15 | Plaintiffs' Original Petition and Written Discovery to Defendants |
| **A-3** | 03/28/16 | Civil Case Information Sheet |
| **A-4** | 04/05/16 | Citation – Johnny Lee Davis |
| **A-5** | 04/05/16 | Citation – Liberty Lines, Inc. |
| | | |

# EXHIBIT "A-1"

**Certified Copy of Court's Case Summary in
Cause No. 2016DCV1192
327th J. D. Court of El Paso County, Texas**

# CASE SUMMARY
## CASE NO. 2016DCV1192

| | | |
|---|---|---|
| **VICTOR R. MARTINEZ, Jr. AND JOSE ROBLES, Jr.** | § | Location: **327th District Court** |
| **AND CHRISTIAN MUNOZ** | § | Judicial Officer: **Chew, Linda** |
| **VS** | § | Filed on: **03/28/2016** |
| **JOHNNY LEE DAVIS, an individual, and LIBERTY** | § | |
| **LINES, INC., a corporation** | | |

---

### CASE INFORMATION

Case Type: **Injury or Damage - Motor Vehicle**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2016DCV1192 |
| Court | 327th District Court |
| Date Assigned | 03/28/2016 |
| Judicial Officer | Chew, Linda |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **MARTINEZ, VICTOR R., Jr.** | **KELSO, RHIANNON** |
| | | *Retained* |
| | | 972-789-1664(W) |
| | **MUNOZ, CHRISTIAN** | **KELSO, RHIANNON** |
| | | *Retained* |
| | | 972-789-1664(W) |
| | **ROBLES, JOSE, Jr.** | **KELSO, RHIANNON** |
| | | *Retained* |
| | | 972-789-1664(W) |
| **Defendant** | **DAVIS, JOHNNY LEE** | |
| | , an individual | |
| | **LIBERTY LINES, INC.** | |
| | , a corporation | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|

## EVENTS

| | |
|---|---|
| 03/28/2016 | Original Petition (OCA) |
| 03/28/2016 | E-File Event Original Filing |
| | *PLAINTIFFS' ORIGINAL PETITION AND WRITTEN DISCOVERY* |
| 03/28/2016 | Case Information Sheet |
| | *CIVIL CASE INFORMATION SHEET* |

## SERVICE

| | |
|---|---|
| 04/05/2016 | Citation |
| |    DAVIS, JOHNNY LEE |
| | Unserved |
| | LIBERTY LINES, INC. |
| | Served: 04/20/2016 |
| | Response Due: 05/16/2016 |



*Printed on 05/03/2016 at 10:19 AM*

# CASE SUMMARY
## CASE NO. 2016DCV1192

*MAILED BACK TO ATTY RHIANNON KELSO/ ER*

| DATE | FINANCIAL INFORMATION | |
|---|---|---|

**Plaintiff** MARTINEZ, VICTOR R., Jr.

| | |
|---|---|
| Total Charges | 345.00 |
| Total Payments and Credits | 345.00 |
| **Balance Due as of  5/3/2016** | **0.00** |



A TRUE COPY, I CERTIFY
NORMA L. FAVELA, District Clerk

By _____ Deputy

MAY - 3 2016

*Printed on 05/03/2016 at 10:19 AM*

# EXHIBIT "A-2"

## Plaintiff's Original Petition and Written Discovery to Defendants

El Paso County - 327th District Court

RECEIVED

MAY 0 6 2016

Filed 3/28/2016 3:45:34 PM
Norma L. Favela
District Clerk
El Paso County
2016DCV1192

## CAUSE NO. _____

| | | |
|---|---|---|
| **VICTOR R. MARTINEZ, JR. and JOSE ROBLES, JR. and CHRISTIAN MUNOZ,** *Plaintiffs,* | § § § § § | **IN THE JUDICIAL DISTRICT** |
| **V.** | § § § § | **_____ DISTRICT COURT** |
| **JOHNNY LEE DAVIS, an individual, and LIBERTY LINES INC, a corporation** *Defendants.* | § § § | **EL PASO COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION AND WRITTEN DISCOVERY TO DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT

NOW COMES, VICTOR R. MARTINEZ, JR., hereafter "Plaintiff MARTINEZ,"

JOSE ROBLES, JR., hereafter "Plaintiff ROBLES," and CHRISTIAN MUNOZ, hereafter

"Plaintiff MUNOZ," together, "Plaintiffs" collectively. Plaintiffs complain against

JOHNNY LEE DAVIS, an individual, hereafter "Defendant DAVIS," and LIBERTY

LINES, INC., a foreign for-profit corporation doing business in the state of Texas, hereafter

"Defendant LINES," collectively Defendants herein, and would respectfully show the

Court as follows:

### I.    DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil Procedure

190.4. Written Discovery requests are set forth in Sections XI and XII below. Responses

to discovery requests are due fifty (50) days from the date Defendants are served with the

Petition, to the office of Modjarrad | Abusaad | Said, Law Firm located at 212 West Spring Valley Road, Richardson, Texas 75081.

## II.    RULE 47 STATEMENT OF RELIEF SOUGHT

Plaintiffs prefer to have this Honorable Judge or a jury determine the fair amount of compensation for Plaintiffs' damages, and thus Plaintiffs place the decision regarding the amount of compensation to be awarded in this Honorable Judge or jury's hands.  However, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs are required to provide a statement regarding the amount of monetary relief sought.  Accordingly, Plaintiffs state that the monetary relief sought is over $1,000,000.00.

## III.    PARTIES AND SERVICE

Plaintiff **VICTOR R. MARTINEZ, JR.** is a resident of El Paso County, Texas, the last three digits of his social security number are 089.

Plaintiff **JOSE ROBLES, JR.** is a resident of El Paso County, Texas, the last three digits of his social security number are 871.

Plaintiff **CHRISTIAN MUNOZ** is a resident of El Paso County, Texas, the last three digits of his social security number are 530.

Defendant **JOHNNY LEE DAVIS** is an individual who may be served at his place of residence, located at 13100 Theodore Street, Moreno Valley, CA 92555 or wherever he may be found.  **Issuance of citation is requested at this time.**

Defendant **LIBERTY LINES INC,** a foreign for-profit corporation, organized and existing pursuant to the laws of the State of California with no principal place of business in this state, which may be served through its registered agent, Tejinder S. Mehta at 2559 S East Avenue, Fresno, CA 93706.  **Issuance of citation is requested at this time.**

## IV.    JURISDICTION

The Court has jurisdiction as Plaintiffs' damages exceed the jurisdictional limits of the Court.

## V.   VENUE

Venue is proper in El Paso County, Texas, pursuant to 15.002(a)(1) of the Texas Civil Practice and Remedies Code, because all or a substantial portion of the facts and circumstances giving rise to this suit occurred in El Paso County, Texas, to wit a multi-vehicle motor-vehicle collision on January 25, 2016.  The causes of action herein have accrued as a result of said motor-vehicle collision.

## VI.   FACTS

On or about January 25, 2016 Plaintiffs VICTOR R. MARTINEZ, JR., JOSE ROBLES, JR. and CHRISTIAN MUNOZ were working in a designated construction zone the eastbound side of Interstate Highway 10 in El Paso County and Texas.  All three of the Plaintiffs were employed by non-party Dan Williams Company, a corporation existing and doing business in the State of Texas.  Dan Williams Company is a construction company which provides construction services related to transportation infrastructure such as roads and bridges.

In the minutes leading up to the collision that forms the basis of this suit, Plaintiff CHRISTIAN MUNOZ was operating a pick-up truck owned by non-party Dan Williams Company.  The Dan Williams Company had a utility trailer hitched to the back.  At all relevant times, the Dan Williams Company had blue and yellow overhead lights activated.

In the minutes leading up to the collision Plaintiffs VICTOR R. MARTINEZ, JR. and JOSE ROBLES, JR. were in the back of the pick-up truck / utility trailer.  Two El Paso

County Sheriff Office vehicles with overhead lights activated were also at the scene, positioned to the west of the Plaintiffs.

Plaintiffs were in the process of closing the construction zone when a tractor trailer operated by Defendant JOHNNY LEE DAVIS and owned by DEFENDANT LIBERTY LINES INC struck the first El Paso County Sheriff's Office vehicle, which was occupied by Jorge Alvillar (TX LP# 1148694), then struck the second El Paso County Sheriff's Office vehicle, which was occupied by Jose Luis Zavala (TX LP# 1058705). After striking the two Sheriffs' vehicles, Defendant DAVIS proceeded to collide with the Dan Williams Company pick-up truck and/or attached utility trailer. Defendant DAVIS' collision with the pick-up truck and / or utility trailer caused the pick-up truck and / or utility trailer to be physically and violently moved in a manner in which all three Plaintiffs' persons were violently struck and made to be airborne. Plaintiffs MARTINEZ and MUNOZ came to rest in the median area of the Interstate Highway and Plaintiff Robles came to rest on the eastbound portion of Interstate Highway 10 itself.

The collision described above forms the basis of this suit. Plaintiffs sustained injuries and damages as a result of said collision.

## VII.   CAUSES OF ACTION AGAINST DEFENDANT DAVIS

Plaintiffs incorporate by reference and re-allege all preceding sections of this Petition as if same were fully incorporated herein.

### A. General Negligence

The conduct, acts, and/or omissions of Defendant, JOHNNY LEE DAVIS, amounted to negligence, to wit:

a.        failing to keep such a look out as a person of ordinary prudence would

have kept under similar circumstances;

b.      failing to apply the brakes to the vehicle in order to avoid colliding with other vehicles or pedestrians;

c.      failing to turn the direction of the vehicle away from other vehicles and pedestrians;

d.      failing to identify, predict, decide and execute evasive maneuvers appropriately in order to avoid collision;

e.      failing to use due care to avoid the collision;

f.      failure to act or omit to act as an ordinarily prudent person would have acted or omitted to act under the same or similar circumstances;

g.      operated a vehicle at a speed greater than was reasonable and prudent under the circumstances then existing, in violation of Texas Transportation Code § 545.351(a);

h.      operated a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing, in violation of Texas Transportation Code § 545.351(b)(1);

i.      failed to operate a vehicle at a reduced speed when approaching a hillcrest in violation of Texas Transportation Code § 545.351(c)(3);

j.      failed to operate a vehicle at a reduced speed when a special hazard exists with regard to traffic, in violation of Texas Transportation Code § 545.351(c)(5);

k.      operated a vehicle in willful or wanton disregard for the safety of persons or property in violation of Texas Transportation Code § 545.401

criminal offense;

l.     failing to properly maintain the vehicle's braking system in violation of §§ 393.43, 393.44, 393.45, 393.47, 393.48, 393.49, 393.50, 393.52, 393.55 of the Federal Motor Carrier Safety Regulations;

m.     failure to take the required number of rest breaks and / or sleep the required number of hours before continuing to operate a commercial vehicle on public roads in violation of state and federal laws; and

n.     Failure to vacate the lane closest to a stationary emergency vehicle with activated emergency lights in violation of Texas Transportation Code § 545.157(b)(1).

As a direct and proximate result of the Defendant's negligence, as described above, Plaintiffs MARTINEZ, ROBLES and MUNOZ suffered injuries and damages described more fully below.

**B. Negligence *per se***

The conduct, acts, and/or omissions of Defendant, JOHNNY LEE DAVIS, amounted to negligence *per se*. Defendant Johnny Lee Davis violated § 545.157(b)(1) of the Texas Transportation Code when he failed to, when approaching a stationary authorized emergency vehicle with overhead lights activated, vacate the lane closest to the emergency vehicle when driving on a highway with two or more lanes traveling in the direction of the vehicle.

The Texas Transportation Code was designed to protect motorists and pedestrians from injury as a result of collisions involving motor-vehicles. The injuries sustained by Plaintiffs MARTINEZ, ROBLES and MUNOZ are the types of injuries that the

sought to prevent. The provision of the Code violated by Defendant DAVIS clearly established what type of conduct is to be avoided and has an associated penalty, to wit, Defendant DAVIS received a traffic citation and the violation of this provision of the Code amounts to a Class B misdemeanor (see § 545.157(c)(3)). Plaintiff avers that holding Defendant DAVIS liable for a violation of the statute is appropriate in the case at bar.

As a direct and proximate result of the Defendant's negligence *per se*, as described above, Plaintiffs MARTINEZ, ROBLES and MUNOZ suffered injuries and damages described more fully below.

### C. Gross Negligence and / or Malice

The conduct, acts, and/or omissions of Defendant, JOHNNY LEE DAVIS, amounted to gross negligence and / or malice because Defendant Davis knew or should have known that the aforementioned acts and/or omissions:

a. created a high risk of harm to the general motoring public and proceeded to act, either with conscious disregard or indifference to that high risk of harm;

b. when viewed objectively from the Defendant's standpoint at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the general motoring public; and

c. created an extreme risk or high magnitude of potential harm to other drivers and/or passengers and the magnitude of potential harm is severe.

Defendant DAVIS had actual subjective awareness of these risks but proceeded to engage in the aforementioned acts and/or omissions with a conscious indifference to the rights, safety or welfare of others. Defendant DAVIS drove in a reckless manner in violation of §545.401 of the Transportation Code, which states: Reckless Driving; Offense.

(a) person commits an offense if the person drives a vehicle in willful or wanton disregard of the safety of persons or property.

## VIII.   CAUSES OF ACTION AGAINST DEFENDANT LINES

Plaintiffs incorporate by reference and re-allege all preceding sections of this Petition as if same were fully incorporated herein.

### A.   Respondeat Superior

Defendant LIBERTY LINES, INC. is liable for the acts and / or omissions of Defendant DAVIS under the doctrine of vicarious liability / respondeat superior.  At the time of the relevant motor-vehicle collision on January 25, 2016, Defendant DAVIS was acting in the course and scope of his employment with Defendant LINES and as a result, Defendant LINES is vicariously liable for damages directly or proximately caused by Defendant DAVIS' general negligence, negligence *per se* and gross negligence, under the doctrine of respondeat superior.  Plaintiffs allege that all damages (described more fully below), as well as the multi-vehicle, interstate highway collision made the basis of this action, were proximately and / or directly caused by the conduct of the named Defendants, and that all Defendants are jointly and severally liable for Plaintiffs' damages.

### B.   Negligent Entrustment

The conduct, acts, and/or omissions of Defendant, LIBERTY LINES INC. amounted to negligent entrustment of a vehicle, to wit, Defendant LINES:

a. Owned the vehicles involved in the relevant motor-vehicle collision on January 25, 2016, specifically Tractor  having California LP#: WP72160 and VIN#: 3AKJGLD55GSGR3891, and trailer having California LP#: 4NA4588 and VIN#: 1GRAA0624CW700380.

b.  Entrusted, by directly or indirectly giving Defendant DAVIS permission to operate the relevant vehicle on January 25, 2016, when Defendant LINES knew or should have known that Defendant DAVIS was an incompetent, reckless, and/or unlicensed driver; and

c.  Entrusted, by directly or indirectly giving Defendant DAVIS permission to operate the relevant vehicle on February 14, 2014, when Defendant LINES knew or should have known that doing so would create an unreasonable risk of harm to the motoring public.

After Defendant LINES directly or indirectly gave permission to Defendant DAVIS to operate the vehicle owned by Defendant LINES, Defendant DAVIS proceeded to operate the vehicle in a manner which amounted to negligence, negligence *per se*, and / or gross negligence and /or malice. Defendant LINES should have used ordinary care in knowing Defendant DAVIS was an incompetent, reckless and /or unlicensed driver, and denied Defendant DAVIS use of the vehicle. Defendant LINES failed to use ordinary care, and said operation by Defendant DAVIS was the direct and / or proximate cause of the multi-vehicle, interstate highway collision involving PLAINTIFFS MARTINEZ, ROBLES and MUNOZ.

The relevant motor-vehicle collision was the direct and / or proximate cause of the injuries and damages suffered by Plaintiffs MARTINEZ, ROBLES and MUNOZ. The Plaintiffs' damages are described in greater detail below.

## C. Negligent Hiring, Retention and Supervision

On January 25, 2016, Defendant LINES was an owner / operator of multiple commercial freight vehicles operating on Texas roads, Defendant LINES had a du

protect third parties, including pedestrians and the general motoring public, from incompetent, insufficiently trained, insufficiently or completely unsupervised, and /or unfit employee drivers' actions.  Defendant LINES therefore had a duty to hire, train, supervise and only retain employees and / or agents and representatives that will prudently and safely operate Defendant LINES' commercial freight vehicles.

On January 25, 2016, Defendant LINES was the employer of Defendant DAVIS. Defendant LINES negligently hired, trained, retained and / or supervised Defendant DAVIS prior to and on that date.  Said acts and / or omissions of Defendant LINES and / or its management level and / or supervisory employees, were the proximate and / or direct cause of Plaintiff's personal injuries and damages in that Defendant LINES's acts and / or omissions, constituted negligent hiring, retention and / or supervision, to wit:

   a.  Failing to conduct the necessary due diligence to ensure Defendant DAVIS was a qualified driver, specifically, failing to ascertain the competence and qualifications of Defendant DAVIS to operate a commercial vehicle;

   b.  Failing to provide adequate training to Defendant DAVIS throughout the course of his employment with Defendant LINES;

   c.  Failure to conduct safety training that includes basic safety policies regarding accountability and responsibility;

   d.  Failure to adequately monitor the actual driving hours of driver Defendant DAVIS;

   e.  Failure to train and monitor Defendant DAVIS in a manner necessary to reduce fatigue or stress while operating a commercial vehicle on public roadways; and



f.  Failure to adequately monitor Defendant DAVIS's driving record and receipt of citations in his capacity as a drover for LINES and as a private driver operating non-commercial vehicles.

The above-mentioned acts and / or omissions of Defendant LINES amount to the negligent hiring, training, retention and / or supervision of Defendant DAVIS. Defendant DAVIS's acts and / or omissions on January 25, 2016 proximately and directly caused the relevant motor-vehicle collision from which Plaintiffs MARTINEZ, ROBLES and MUNOZ have suffered grave injuries and damages. The Plaintiffs' damages are described in greater detail below.

### D. Gross Negligence and / or Malice

The conduct, acts, and/or omissions of Defendant, LIBERTY LINES INC amounted to gross negligence and / or malice because Defendant LINES knew or should have known that the aforementioned acts and/or omissions:

a.  created a high risk of harm to the general motoring public and proceeded to act, either with conscious disregard or indifference to that high risk of harm;

b.  when viewed objectively from the Defendant's standpoint at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the general motoring public; and

c.  created an extreme risk or high magnitude of potential harm to other drivers and/or passengers and the magnitude of potential harm is severe.

Defendant had actual subjective awareness of these risks but proceeded to engage in the aforementioned acts and/or omissions with a conscious indifference to the right safety or welfare of others. As a direct and proximate result of the Defendant L's

gross negligence and/or malice, as described above, Plaintiffs John Paul Suplita and his wife, Jennifer Suplita, suffered injuries and damages described more fully below.

As a direct and proximate result of the Defendant's gross negligence and/or malice, as described above, Plaintiffs MARTINEZ, ROBLES and MUNOZ suffered injuries and damages described more fully below.

## IX.    GENERAL DAMAGES

### A.  Victor R. Martinez, Jr.

As a result of the negligent conduct of DEFENDANTS, Plaintiff VICTOR R. MARTINEZ, JR. suffered serious injuries to various parts of his body.

As a result of the injuries sustained, Mr. Martinez incurred reasonable and necessary doctors and medical expenses for his necessary medical care and attention. To date, Plaintiff has incurred in excess of $100,000.00 in necessary medical care and attention.  Plaintiff broke multiple bones and underwent a surgical procedure to repair his lower spine.  To date, Plaintiff has multiple pre-scheduled appointments for ongoing medical care and treatment and thus there is a significant likelihood that Plaintiff will incur additional reasonable expenses for necessary medical care and attention in the future, in an amount unknown at this time.

As a result of the injuries sustained, Mr. Martinez has suffered severe and debilitating physical pain.  Mr. Martinez continues to suffer said physical pain and in all reasonable probability will continue to suffer physical pain well into the future, if not for the balance of his life.

As a result of the injuries sustained, Mr. Martinez has suffered mental anguish, in the form of stress, fright, and grief.  Mr. Martinez continues to experience said me

anguish and in all reasonable probability will continue to suffer mental anguish well into the future, if not for the balance of his life.

Plaintiff's injuries have rendered him unable, or partially unable to normally use various parts of his physical body.  Plaintiff has suffered said physical impairment in the past, and in all reasonable probability, Plaintiff will continue to suffer physical impairment well into the future, if not for the balance of his life.

As a result of the injuries sustained, Mr. Martinez has been forced to be entirely absent from his employment duties for a cumulative period exceeding sixty (60) days.  Not only has Mr. Martinez lost wages in the past, but will continue to directly lose wages in the future.  Additionally, and as a result of his physical injuries and impairment, Mr. Martinez' capacity to earn wages been significantly diminished.

Plaintiff has sustained and continues to sustain a loss of enjoyment of life as his injuries, pain, mental anguish and impairment, severely limit his ability to engage in his normal daily activities like socializing, playing sports, and going to church.

Plaintiff's ability to administer to his own daily personal needs and personal maintenance has been seriously diminished.  Mr. Martinez is still in recovery and thus, in all probability, his ability to attend to customary household and personal duties will continue to be so impaired well into the future, if not for the balance of his natural life.

**B. Jose Robles, Jr.**

As a result of the negligent conduct of DEFENDANTS, Plaintiff JOSE ROBLES, JR. suffered serious injuries to various parts of his body.

As a result of the injuries sustained, Mr. Robles incurred reasonable and necessary doctors and medical expenses for his necessary medical care and attention. To d

Plaintiff has incurred in excess of $500,000.00 in necessary medical care and attention. Plaintiff sustained permanent and debilitating injuries to both his head / brain and internal organs including his intestines and rectum.  Plaintiff still requires additional surgical procedures that will not take place for approximately 4-6 months from the date of filing this suit.  To date, Plaintiff has multiple pre-scheduled appointments for ongoing medical care and treatment and thus there is a significant likelihood that Plaintiff will incur additional reasonable expenses for necessary medical care and attention in the future, in an amount unknown at this time.

As a result of the injuries sustained, Mr. Robles has suffered severe and debilitating physical pain.  Mr. Robles continues to suffer said physical pain and in all reasonable probability will continue to suffer physical pain well into the future, if not for the balance of his life.

As a result of the injuries sustained, Mr. Robles has suffered mental anguish, in the form of stress, fright, and grief.  Mr. Robles continues to experience said mental anguish and in all reasonable probability will continue to suffer mental anguish well into the future, if not for the balance of his life.

Plaintiff's injuries have rendered him unable, or partially unable to normally use various parts of his physical body.  Mr. Robles has already undergone a colostomy / ileostomy and uses disposable colostomy bags. Plaintiff has suffered said physical impairment in the past, and in all reasonable probability, Plaintiff will continue to suffer physical impairment well into the future, if not for the balance of his life.

As a result of the injuries sustained, Mr. Robles has been forced to be entirely absent from his employment duties for a cumulative period exceeding sixty (60) days.  N

has Mr. Robles lost wages in the past, but will continue to directly lose wages in the future. Additionally, and as a result of his physical injuries and impairment, Mr. Robles' capacity to earn wages been significantly diminished.

Plaintiff has sustained and continues to sustain a loss of enjoyment of life as his injuries, pain, mental anguish and impairment, severely limit his ability to engage in his normal daily activities like holding and playing with his children and playing sports.

Plaintiff's ability to administer to his own daily personal needs and personal maintenance has been seriously diminished. Mr. Robles is still in recovery and thus, in all probability, his ability to attend to customary household and personal duties will continue to be so impaired well into the future, if not for the balance of his natural life.

### C. Christian Munoz

As a result of the negligent conduct of DEFENDANTS, Plaintiff CHRISTIAN MUNOZ suffered serious injuries to various parts of his body.

As a result of the injuries sustained, Mr. Munoz incurred reasonable and necessary doctors and medical expenses for his necessary medical care and attention. To date, Plaintiff has incurred in excess of $100,000.00 in necessary medical care and attention. Plaintiff sustained a traumatic brain injury and a fracture to his lower spine. Plaintiff still requires additional surgical procedures that will not take place for approximately 4-6 months from the date of filing this suit. To date, Plaintiff has multiple pre-scheduled appointments for ongoing medical care and treatment and thus there is a significant likelihood that Plaintiff will incur additional reasonable expenses for necessary medical care and attention in the future, in an amount unknown at this time.

As a result of the injuries sustained, Mr. Munoz has suffered severe and debilitating

physical pain including blinding headaches. Mr. Munoz continues to suffer said physical pain and in all reasonable probability will continue to suffer physical pain well into the future, if not for the balance of his life.

As a result of the injuries sustained, Mr. Munoz has suffered mental anguish, in the form of stress, fright, and grief. Mr. Munoz continues to experience said mental anguish and in all reasonable probability will continue to suffer mental anguish well into the future, if not for the balance of his life.

Plaintiff's injuries have rendered him unable, or partially unable to normally use various parts of his physical body. Pain in his lower back prevents him from standing for long periods of time. Plaintiff has suffered said physical impairment in the past, and in all reasonable probability, Plaintiff will continue to suffer physical impairment well into the future, if not for the balance of his life.

As a result of the injuries sustained, Mr. Munoz has been forced to be entirely absent from his employment duties for a cumulative period exceeding sixty (60) days. Not only has Mr. Munoz lost wages in the past, but will continue to directly lose wages in the future. Additionally, and as a result of his physical injuries and impairment, Mr. Munoz' capacity to earn wages been significantly diminished.

Plaintiff has sustained and continues to sustain a loss of enjoyment of life as his injuries, pain, mental anguish and impairment, severely limit his ability to engage in his normal daily activities like holding and playing with his young daughter and playing sports.

Plaintiff's ability to administer to his own daily personal needs and personal maintenance has been seriously diminished. Mr. Munoz is still in recovery and thus, in all probability, his ability to attend to customary household and personal duties will continu

to be so impaired well into the future, if not for the balance of his natural life.

## X.    PUNITIVE/EXEMPLARY DAMAGES

Plaintiffs' painful injuries, terror and damages were proximately caused by the gross negligence and/or malice of the Defendants. Pursuant to Texas Civil Practice & Remedies Code, § 41.003, Plaintiffs seek punitive and / or exemplary damages from Defendants.

Defendants acted with gross negligence and/or malice at all relevant times. Defendants' acts and / or omissions were done with such an extreme risk to and an unconscionable lack of concern for Plaintiffs and/or the general public, that said acts and omissions constituted gross negligence and / or malice.

In addition, the acts and/or omissions of the Defendants alleged herein entitle Plaintiffs to recover exemplary damages against them, which are not limited. (Tex. Civ. Prac. & R. Code Ann., § 41.008). The conduct of the Defendants involved such an entire want of care as could have only resulted from a conscious indifference to the rights, safety, and welfare of others, including Plaintiffs; therefore, Plaintiffs sue for exemplary damages, in an amount to be determined by the trier of fact.

## XI.    WRITTEN DISCOVERY REQUESTS TO DEFENDANT HART

### DEFINITIONS AND INSTRUCTIONS

These definitions and instructions are not to be construed in a way to limit or restrict the scope of documents and things produced in response. Rather, they are to be construed in their broadest sense consistent with Texas law and the rules of discovery and evidence. These definitions and instructions apply to this Section as well as to the discovery requests/interrogatories.

1. "You," "Your," and "Defendant" means and includes JOHNNY LEE DAVIS, Individually, the person to whom these discovery requests/interrogatories are directed, as well as, all representatives, agents, servants, attorneys, insurers, or representatives of such person.

2. "Incident" means the event(s) which occurred on or about February 14, 2014 which forms the basis of this lawsuit, and any and all claims for damages in connection therewith.

3. Any word not explicitly defined in these Definitions, or used in a context that is contradictory to the definition stated in these Definitions, is to be given the meaning assigned that word in the Merriam – Webster Dictionary.

4. **REQUEST FOR PRIVILEGE LOG** - If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of attorney/client privilege, the work-product doctrine, or other ground, then do the following with respect to each and every document:

    (a)    Describe the nature of the document;
    (b)    State the date of the document;
    (c)    Identify the person who sent and received the original and a copy of the document;
    (d)    State the subject matter of the document; and
    (e)    State the basis upon which you contend you are entitled to withhold the document      from production.

## PLAINTIFFS' REQUEST FOR DISCLOSURE TO ALL DEFENDANTS

Plaintiffs request that Defendant disclose the information and material described in

TEX. R. CIV. P. 194.2 (a) - (l).  Defendants' responses shall be delivered to Plaintiffs'

attorneys of record at 212 W. Spring Valley Road, Richardson, Texas 75081, within fifty

(50) days from the date of service hereof.  Plaintiffs also requests that Defendants

supplement responses to this Request for Disclosure, as provided by TEX. R. CIV. P. 192,

193, and 194.

(a)    the correct names of the parties to the lawsuit;

(b)    the name, address and telephone number of any potential parties;

(c)    the legal theories and, in general, the factual basis of the responding party's claims or defenses;

(d)    the amount and any method of calculating economic damages by Defendants;

(e)    the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)    for any testifying expert:

    (1) the expert's name, address and telephone number;

(2) the subject matter on which the expert will testify;

(3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

(4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party:

    (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    (B) the expert's current resume and bibliography;

(g)    any discoverable indemnity and insuring agreements described in Rule 192.3(f);

(h)    any discoverable settlement agreements described in Rule 192.3(g);

(i)    any witness statements described in Rule 193.3(h);

(j)    in a suit alleging physical or mental injury and damages from the occurrence that is the subject matter of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party;

(k)    in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted for which defendant asserts payment has been made;

(l)    the name ,address, and telephone number of any person who may be designated as a responsible third party.

## PLAINTIFFS' FIRST SET OF WRITTEN
## INTERROGATORIES TO DEFENDANT DAVIS

**Interrogatory No. 1:**    Please identify yourself and all persons who assisted or provided information in answering these interrogatories by providing full names, dates of birth, drivers' license numbers, addresses, telephone numbers, employers and occupations.



**Interrogatory No. 2:**     If you have been convicted of any felony or crime of moral turpitude in the past ten (10) years, state the crime(s) for which you were convicted, giving date(s) and location(s) of the Court(s) involved.

**Interrogatory No. 3:**     State whether you consumed any type of alcohol or drug, (legal or illegal, over the counter or prescription,) within twenty four (24) hours prior to the occurrence made the basis of this suit, the type of alcohol or drug consumed and the quantity of the same.

**Interrogatory No. 4:**     With regards to your employment, or any provision of services in exchange for remuneration in the five (5) year period preceding the incident that forms the basis of this suit, please provide the following information regarding the employer, person or entity paying the remuneration in exchange for services;

    a. name of entity and/or individual;
    b. address;
    c. telephone number;
    d. your job responsibilities;
    e. your job title;
    f. date responsibilities commenced;
    g. date responsibilities terminated; and
    h. name of direct supervisor.

**Interrogatory No. 5:**     If you contend that Plaintiff or any other person or entity may be liable for all or part of Plaintiffs' claims, please identify each such person or entity by name, address, phone number, and please describe the facts supporting your contention.

**Interrogatory No. 6:**     As to any mobile telephone device owned or belonging to the Defendant on the date of the rear-end motor-vehicle collision, please state:

    a. Whether the mobile telephone device was present in the vehicle at the time of the rear-end motor-vehicle collision;
    b. The make and model of the mobile telephone device;
    c. The service provider of the mobile telephone device;
    d. The telephone number associated with the mobile telephone device; and
    e. The account number associated with the m...

telephone device.

## FIRST REQUEST FOR PRODUCTION TO DEFENDANT DAVIS

**Request No. 1:**    A front and back copy of your driver's license(s) valid on the date of the incident made the basis of this suit..

**Request No. 2:**    Any and all photographs, video tapes, drawings, sketches, diagrams or maps related to the incident made the basis of this suit.

**Request No. 3:**    A copy of any surveillance movies, video tapes, digital recordings, or photos of Plaintiffs.

## FIRST SET OF WRITTEN INTERROGATORIES TO DEFENDANT LINES

**Interrogatory No. 1:**    Please identify yourself and all persons who assisted or provided information in answering these interrogatories by providing full names, dates of birth, drivers' license numbers, addresses, telephone numbers, employers and occupations.

**Interrogatory No. 2:**    With regard to the vehicle operated by Defendant JOHNNY LEE DAVIS at the time of the incident / collision, state:

   a. the place where the trip was commenced;
   b. the planned destination;
   c. the length of time the defendant's vehicle had been in continuous operation from the commencement of the trip until the time of the incident / collision; and
   d. the distance, in miles, that the defendant's vehicle had traveled from the commencement of the trip until the time of the incident / collision.
   e. The owner of the vehicle at the time of the incident / collision and, if different, the owner of the vehicle today.

**Interrogatory No. 3:**    State the name, address telephone number, and profession of any *consulting expert*, if the consulting expert's opinion or impressions have been reviewed by a testifying expert, and in connection therewith, state the mental impressions an

opinions held by the expert and the facts known to the expert which relate to or form the basis of the mental impressions and opinions held by the expert.

**Interrogatory No. 4:** Please state the nature and substance of all complaints received about JOHNNY LEE DAVIS' conduct or driving habits since his date of hire, the date and time of the complaint, and the name, address and telephone number of the person making the complaint.

**Interrogatory No. 5:** As to the vehicle involved in the incident that forms the basis of this suit, please identify any devices that collect information or data on or from said vehicle and the types of data that can be collected by the devices.

**Interrogatory No. 6:** Please identify by name, address, and telephone number the entity(ies) and/or person(s) responsible for maintenance on the vehicle driven by JOHNNY LEE DAVIS on the date of the incident / collision.

**Interrogatory No. 7:** Please describe your employment relationship (i.e. employer/employee, independent contractor, etc...), with JOHNNY LEE DAVIS on the date of the occurrence, and briefly provide the factual background for your answer. JOHNNY LEE DAVIS was not employed by you, please identify his employer(s).

**Interrogatory No. 8:** Please identify, with respect to JOHNNY LEE DAVIS's activities performed in the course and scope of his employment with any person or entity, including you, during each hour of the 24 hour period leading up to the occurrence, the person or entities for whom the activities were performed, all employees of ours with knowledge of his activities during this period, all individuals with whom he dealt, all locations to which he traveled, and all functions performed by him.

**Interrogatory No. 9:** If you contend that there was any problem with the mechanical functioning of any part of the vehicle operated by JOHNNY LEE DAVIS at the time of the occurrence that contributed in any way to causing the occurrence, please describe the nature of the problem(s), and the name(s), job title(s), employer(s), immediate supervisor(s), address(es), and telephone number(s) of all persons with knowledge of the relevant facts.

**Interrogatory No. 10:**    With respect to any testing of JOHNNY LEE DAVIS for alcohol and controlled substances following the occurrence, please provide the date and time such test was administered, the name, address and telephone number of the person or facility that administered such test; and the results of such tests.

**Interrogatory No. 11:**    With respect to all motor vehicle accidents in which JOHNNY LEE DAVIS was involved, and all traffic violations/citations that JOHNNY LEE DAVIS received to your knowledge before and while he was employed by you, please provide the date of the accident or citation, a brief description of the nature of the accident or citation, and any disciplinary action that you took against him as a result of the accident or citation.

**Interrogatory No. 12:**    With respect to all disciplinary action that you took against JOHNNY LEE DAVIS while he was employed by you, including but not limited to, disciplinary action(s) arising out of the occurrence made the basis of this suit, please provide the date of the action, a brief description of the nature of the incident(s) that led to the action, and a brief description of the disciplinary action that you took against JOHNNY LEE DAVIS.

**Interrogatory No. 13:**    Please identify the following individuals within your company by name, address and telephone number:

a) Person(s) responsible for hiring JOHNNY LEE DAVIS;
b) JOHNNY LEE DAVIS's direct supervisor on the date of the occurrence;
c) Person(s) responsible for safety at the time of the incident in question (i.e. Vice President of Safety, Safety Director, etc.); and
d) Person(s) responsible for training JOHNNY LEE DAVIS.

## FIRST REQUEST FOR PRODUCTION TO DEFENDANT LINES

**Request No. 1:**    Any and all photographs, video tapes, drawings, and sketches related to the incident made the basis of this suit.

**Request No. 2:**    Any reservation of rights letter regarding your insurance coverage for the incident made the basis of this suit.

**Request No. 3:**    A copy of any surveillance movies, video tapes, digital recordings, or photos of Plaintiffs.

**Request No. 4:**    Copies of all market reports, commercial publications, or published compilations that you intend to offer into evidence pursuant to Tex. R. Evid. 803(17).

**Request No. 5:**    Copies of all relevant portions of learned treatises that you intend to offer into evidence pursuant to Tex. R. Evid. 803(18).

**Request No. 6:**    Copies of all official publications that you intend to offer into evidence pusrsuant to Tex. R. Evid. 902(5).

**Request No. 7:**    Copies of all newspapers and periodicals related to the incident made the basis of this suit pursuant to Tex. R. Evid. 902(6).

**Request No. 8**    Copies of all summaries of evidence related to the incident made the basis of this suit pursuant to Tex. R. Evid. 1006.

**Request No. 9:**    Copies of all medical records and bills you, your attorneys, or your insurers have regarding any medical treatment received by Plaintiffs, including regarding injuries, conditions or illnesses the Plaintiffs may have had before or after the incident made the basis of this suit.

**Request No. 10:**    Copies of all of your income tax returns, balance sheets, financial statements, and/or other documents indicating your net worth for the five (5) year period prior to the incident made the basis of this suit.

**Request No. 11:**    For any non-testifying, consulting expert witness whose mental impressions or opinions have been reviewed by any testifying expert in this cause, please provide copies of all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the consulting expert, and the consulting expert's current resume and bibliography.

**Request No. 12:**    Any and all memos, reports and documents related to the incident that forms the basis of this suit which have been prepared by you prior to anticipation of litigation.

**Request No. 13:**    Any and all non-privileged documents related to any partnership agreements, employment agreements, independent contractor agreements, or any other working agreement, related to JOHNNY LEE DAVIS's employment or agreement to provide services, at the time of the incident made the basis of this suit.

**Request No. 14:**    Any and all non-privileged documents related to JOHNNY LEE DAVIS's status as an employer, employee, or independent contractor in relation to any other entity at the time of the incident made the basis of this suit.

**Request No. 15:**    Any and all contracts between you and any other person or entity related in any way to JOHNNY LEE DAVIS's employment at the time of the incident made the basis of this suit.

**Request No. 16:**    Any and all non-privileged documents including, but not limited to, policy and procedure manuals, related to any procedures, forms or protocols that were mandated or suggested for employees and/or independent contractors such as JOHNNY LEE DAVIS in connection with the employees' or contractors' execution of his/her duties.

**Request No. 17:**    Any and all non-privileged documents related to policies and procedures concerning the job duties of employees and/or independent contractors such as JOHNNY LEE DAVIS on or about the date of the incident.

**Request No. 18:**    Job Descriptions for the following positions in effect on the date of the incident:

        a)  JOHNNY LEE DAVIS
        b)  JOHNNY LEE DAVIS's Supervisor
        c)  Your Safety Officer

**Request No. 19:**    All orientation and / or training records for JOHNNY LEE DAVIS.

**Request No. 20:**    The initial employment application for JOHNNY LEE DAVIS.

**Request No. 21:**    All data or information which has been retrieved, obtained and/or downloaded from any device that collected, stored or recorded information or data on or from the vehicle operated by JOHNNY LEE DAVIS at the time of the collision that forms the basis of this suit.

## XII.   TRCP 54 CONDITIONS PRECEDENT

Plaintiff pleads that all conditions precedent have been performed or have occurred.

## XIII.  U.S. LIFE TABLES



Notice is hereby given to the Defendant that Plaintiffs intend to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XIV.   NOTICE OF INTENT

Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## PRAYER

**WHEREFORE,** Plaintiffs respectfully request that Defendants be cited to appear and answer, and that on final trial, Plaintiffs be awarded judgment against Defendants for the following:

A.  Monetary damages for Plaintiffs' past medical expenses and future medical expenses in amounts unknown at this time;

B.  Monetary damages for Plaintiffs' past and future lost wages, as well as their diminished capacity to earn wages;

C.  Monetary damages for Plaintiffs' past and future physical pain and suffering and mental anguish found to be reasonable and just by the trier of fact;

D.  Monetary damages for Plaintiffs' past and future physical impairment in as determined by the trier of fact;

E.  Monetary damages for Plaintiffs' past and future loss of enjoyment, as found to be reasonable and just by the trier of fact;

F.  Exemplary Damages for Defendants' conduct as herein alleged, including but not limited to, gross negligence, malice, and/or fraud, and Defendants' reckless disregard for the safety and welfare of the Plaintiffs in an amount in excess of t

minimum jurisdictional limits of this Honorable Court;

G.   Pre -Judgment interest on all damages awarded at the highest legal rate;

H.   Costs of Court;

I.   Post-Judgment interest on all sums awarded herein at the highest legal rate until

paid; and

J.   Such other and further relief to which Plaintiffs may be justly entitled at law or in

equity, specific or general.

Respectfully submitted,

**MAS LAW FIRM**
212 W. Spring Valley Road
Richardson, Texas 75081
Tel: 972-789-1664
Fax: 972-789-1665

By: _____
**RHIANNON KELSO**
Texas Bar No. 24080636
rkelso@modjarrad.com
**SEAN MODJARRAD**
Texas Bar No. 24027398
smodjarrad@modjarrad.com
**MOHAMAD SAID**
State Bar No.: 24061101
Email: msaid@modjarrad.com

**COUNSEL FOR PLAINTIFFS**

A TRUE COPY, I CERTIFY
NORMA L. FAVELA, District Clerk
By_____ Deputy

MAY - 3 2016

DISTRICT COURTS
EL PASO COUNTY TEXAS

# EXHIBIT "A-3"

## Civil Case Information Sheet

El Paso County - 327th District Court

**CIVIL CASE INFORMATION SHEET**

Filed 3/28/2016 3:45:34 PM
Norma L. Favela
District Clerk
El Paso County
2016DCV1192

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: _____  **COURT** *(FOR CLERK USE ONLY)*: _____

**STYLED** VICTOR R. MARTINEZ, JR., JOSE ROBLES, JR. AND CHRISTIAN MUÑOZ v. JOHNNY LEE DAVIS AND LIBERTY LINES, INC.
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:<br><br>**Rhiannon Kelso**<br><br>Address:<br><br>**212 W. Spring Valley Road**<br><br>City/State/Zip:<br><br>**Richardson, Texas 75081**<br><br>Signature:<br><br>*Rhiannon Kelso* | Email:<br><br>**rkelso@modjarrad.com**<br><br>Telephone:<br><br>**(972) 789-1664**<br><br>Fax:<br><br>**(972) 789-1665**<br><br>State Bar No:<br><br>24080636 | Plaintiff(s)/Petitioner(s):<br><br>**Victor R. Martinez, Jr.**<br>**Jose Robles, Jr.**<br>**Christian Muñoz**<br><br>Defendant(s)/Respondent(s):<br><br>**Johnny Lee Davis**<br>**Liberty Lines, Inc.**<br><br>[Attach additional page as necessary to list all parties] | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | | **Post-judgment Actions (non-Title IV-D)** |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | ☐Enforcement |
| *Debt/Contract* | ☐Assault/Battery | ☐Eminent Domain/ | ☐Annulment | ☐Modification—Custody |
| ☐Consumer/DTPA | ☐Construction | Condemnation | ☐Declare Marriage Void | ☐Modification—Other |
| ☐Debt/Contract | ☐Defamation | ☐Partition | *Divorce* | **Title IV-D** |
| ☐Fraud/Misrepresentation | *Malpractice* | ☐Quiet Title | ☐With Children | ☐Enforcement/Modification |
| ☐Other Debt/Contract: | ☐Accounting | ☐Trespass to Try Title | ☐No Children | ☐Paternity |
| _____ | ☐Legal | ☐Other Property: | | ☐Reciprocals (UIFSA) |
| *Foreclosure* | ☐Medical | _____ | | ☐Support Order |
| ☐Home Equity—Expedited | ☐Other Professional | | | |
| ☐Other Foreclosure | Liability: | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| ☐Franchise | | ☐Expunction | ☐Enforce Foreign | ☐Adoption/Adoption with |
| ☐Insurance | ☒Motor Vehicle Accident | ☐Judgment Nisi | Judgment | Termination |
| ☐Landlord/Tenant | ☐Premises | ☐Non-Disclosure | ☐Habeas Corpus | ☐Child Protection |
| ☐Non-Competition | *Product Liability* | ☐Seizure/Forfeiture | ☐Name Change | ☐Child Support |
| ☐Partnership | ☐Asbestos/Silica | ☐Writ of Habeas Corpus— | ☐Protective Order | ☐Custody or Visitation |
| ☐Other Contract: | ☐Other Product Liability | Pre-indictment | ☐Removal of Disabilities | ☐Gestational Parenting |
| Leasehold | List Product: | ☐Other: _____ | of Minority | ☐Grandparent Access |
| | _____ | | ☐Other: _____ | ☐Parentage/Paternity |
| | ☐Other Injury or Damage: | | | ☐Termination of Parental |
| | _____ | | | Rights |
| | | | | ☐Other Parent-Child: |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐Discrimination | ☐Administrative Appeal | ☐Lawyer Discipline |
| ☐Retaliation | ☐Antitrust/Unfair | ☐Perpetuate Testimony |
| ☐Termination | Competition | ☐Securities/Stock |
| ☐Workers' Compensation | ☐Code Violations | ☐Tortious Interference |
| ☐Other Employment: | ☐Foreign Judgment | ☐Other: _____ |
| Wage Violation | ☐Intellectual Property | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐Guardianship—Adult |
| ☐Tax Delinquency | ☐Dependent Administration | ☐Guardianship—Minor |
| ☐Other Tax | ☐Independent Administration | ☐Mental Health |
| | ☐Other Estate Proceedings | ☐Other: _____ |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court | ☐Declaratory Judgment | ☐Prejudgment Remedy |
| ☐Arbitration-related | ☐Garnishment | ☐Protective Order |
| ☐Attachment | ☐Interpleader | ☐Receiver |
| ☐Bill of Review | ☐License | ☐Sequestration |
| ☐Certiorari | ☐Mandamus | ☒Temporary Restraining Order/In... |
| ☐Class Action | ☐Post-judgment | ☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☒Over $1,000,000

A TRUE COPY, I CERTIFY
NORMA L. FAVELA, District Clerk

_____ Deputy

MAY – 3 2016

# EXHIBIT "A4"

## Citation – Johnny Lee Davis

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **JOHNNY LEE DAVIS**, who may be served with process at **13100 THEODORE STREET, MORENO VALLEY, CA  92555** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Written Discovery to Defendants at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **327th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 28th day of March, 2016 by Attorney at Law, RHIANNON KELSO, 212 W SPRING VALLEY RD, RICHARDSON, TX  75081 in this case numbered **2016DCV1192** on the docket of said court, and styled:

**VICTOR MARTINEZ, JR., JOSE ROBLES, JR. AND CHRISTIAN MUNOZ**
**VS**
**JOHNNY DAVIS AND LIBERTY LINES, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Written Discovery to Defendants accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 5th day of April, 2016.

CLERK OF THE COURT

**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   NORMA L. FAVELA   District Clerk
El Paso County, Texas

By: *Erica Romero*   Deputy
Erica Romero

Rule 106: "the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

A TRUE COPY, I CERTIFY
NORMA L. FAVELA, District Clerk
By_____
Deputy
MAY - 3 2016

## RETURN

Came on hand on _____ day of _____, 20____, at _____ o'clock
____M., and executed in _____ County, Texas, by delivering to
each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon
the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original
Petition, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

the diligence used in finding said defendant, being _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ cop _____ $ _____   _____ Sheriff

_____   _____ County, Texas

Total _____ $ _____   By _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

_____
**NOTARY PUBLIC, STATE OF TEXAS**

CAUSE NUMBER: 2016DCV1192

SHERIFF   ☑ E-FILE

AGENT/INDIVIDUAL: _____   ATTY: Rhiannon Ketso

☐ CAPIAS                                     ☐ NTC TO SHOW CAUSE      Rec'd (Clock Stamp):

☑ CITATION PERSONAL SERVICE X2              ☐ PROTECTIVE ORDER

☐ CITATION BY MAIL: ☐ Regular ☐ Certified   ☐ SUBPOENA(S)

☐ CITATION NON-RESIDENT                      ☐ TRO

☐ CITATION BY ☐ PUBLICATION ☐ POSTING        ☐ OTHER:

please mail back to attorney

☐ PAUPER'S OATH   ☐ **RUSH**   APPROVED BY: _____

CLERK ISSUING SERVICE: Erica Romero _____ 4-5-16

RECEIVED BY: Mailed to atty Rhiannon Ke... DATE RECEIVED: 4-5-16

Attn: The District Clerk's Office is not responsible for any errors after the request is received by the requesting individual;
      Please review your request for accuracy

FILED
NORMA L. FAVELA
DISTRICT CLERK

2016 APR -5  PM 1: 33

EL PASO COUNTY, TEXAS

BY_____
              DEPUTY



# EXHIBIT "A-5"

## Citation – Liberty Lines, Inc.

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **LIBERTY LINES INC,** who may be served with process through its registered agent, **TEJINDER S. MEHTA at 2559 S. EAST AVENUE, FRESNO, CA  93706 or wherever he/she may be found**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Written Discovery to Defendants at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **327th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 28th day of March, 2016 by Attorney at Law, RHIANNON KELSO, 212 W SPRING VALLEY RD, RICHARDSON, TX  75081 in this case numbered **2016DCV1192** on the docket of said court, and styled:

**VICTOR MARTINEZ, JR., JOSE ROBLES, JR. AND CHRISTIAN MUNOZ**
**VS**
**JOHNNY DAVIS AND LIBERTY LINES, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Written Discovery to Defendants accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 5th day of April, 2016.

CLERK OF THE COURT

**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:       NORMA L. FAVELA   District Clerk
El Paso County, Texas

By: _Erica Romero_ , Deputy
Erica Romero

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

A TRUE COPY, I CERTIFY
NORMA L. FAVELA District Clerk
By _____
Deputy
MAY - 3 2016

## RETURN

Came on hand on _____ day of _____, 20____, at _____ o'clock
____M., and executed in _____ County, Texas, by delivering to
each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon
the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original
Petition, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____
_____
the diligence used in finding said defendant, being _____
and the cause of failure to execute this process is: _____
and the information received as to the whereabouts of the said defendant, being _____
FEES—SERVING _____ cop _____ $ _____   _____ Sheriff
                                    _____   _____ County, Texas
            Total _____ $ _____   By _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____.
_____ on the _____ day of _____,
20_____, at _____o'clock ____m. this copy of this instrument.

                                    _____, Sheriff/Agent
                                    _____County, Texas
                                    By _____, Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.

            (SEAL)

                                    _____
                                    NOTARY PUBLIC, STATE OF TEXAS